Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Scott Alan Burroughs (SBN 235718)
scott@donigerlawfirm.com
David R. Shein (SBN 230870)
david@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COREY WILSON, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>ATHLEISURE, INC., d/b/a Sun Diego, a California Corporation; OCEANSIDE AUTO COUNTRY, INC., d/b/a Toyota Carlsbad., a California Corporation; TRY 'J' ADVERTISING, INC., a California Corporation; DOES 1-10, inclusive,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR:**<br><br>**1. COPYRIGHT INFRINGEMENT**<br><br>**2. VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT**<br><br>**3. VIOLATION OF THE VISUAL ARTISTS RIGHTS ACT OF 1990 ("VARA"), 17 U.S.C. § 106A**<br><br><u>Jury Trial Demanded</u> |

Plaintiff, Corey Wilson, by and through his undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

## INTRODUCTION

Corey Wilson is one of the most widely published surf photographers working today. His works are commonly published in the iconic *Surfing* magazine and are relied upon by international lifestyle brand Rip Curl as part of its marketing campaigns. Mr. Wilson is well-known for his innate and uncanny ability to capture in a compelling fashion a surfer at the peak of his or her movement.

In 2013 Mr. Wilson photographed Ricky Whitlock in Puerto Escondido and created the photograph depicted below. In August of 2013, Mr. Wilson negotiated an agreement allowing limited use of one of his photographs with Athleisure, Inc. ("Athleisure"), a California retailer of surf and skate gear and apparel that operates Sun Diego stores. The agreement limited Athleisure's use of the photograph to in-store poster and lightbox use only. But in or about May of 2016, Mr. Wilson discovered that Toyota Carlsbad was exploiting Mr. Wilson's photograph as key art on a billboard advertising a Memorial Day sale at a Carlsbad lot. Investigation revealed that Athleisure had been distributing Mr. Wilson's photograph, including the provision of the image to Try 'J' Advertising and Toyota Carlsbad. Further investigation revealed that Athleisure had been exploiting Mr. Wilson's photograph on gift cards, in online advertising, and as marketing material for its annual surf contest, all without authorization. This case follows.

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C., §§ 101, *et seq*.

2. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b).

3. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

**PARTIES**

4. Corey Wilson is an individual residing in Orange County, California.

5. Plaintiff is informed and believes and thereon alleges that Defendant Athleisure, individually, and doing business as Sun Diego, is a corporation organized and existing under the laws of the State of California with its principal place of business located at 1350 Specialty Drive # F Vista, California, and is doing business in and with the State of California.

6. Plaintiff is informed and believes and thereon alleges that Oceanside Auto Country, Inc., individually and doing business as Toyota Carlsbad, is a corporation organized and existing under the laws of the State of California, with its principal place of business located at 6030 Avenida Encinas, Suite 100, Carlsbad, California, and is doing business in and with the State of California.

7. Plaintiff is informed and believes and thereon alleges that Try 'J' Advertising., is a corporation organized and existing under the laws of the State of California, with its principal place of business located at 6030 Avenida Encinas, Suite 210, Carlsbad, California, and is doing business in and with the State of California.

8. Defendants DOES 1 through 10, inclusive, are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 1 through 10, inclusive, are presently unknown to Plaintiff, which therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

9. Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

10. Plaintiff created and owns an original photograph of his own composition, titled *Puerto Escondido* (the "Photograph").

11. The Photograph has been submitted for registration with the United States Copyright Office and is shown below.



12. Plaintiff is informed and believe and thereon alleges that Defendants and DOE Defendants exploited the Photograph without authorization in a number of ways, including without limitation, the following: (1) Athleisure exploited unauthorized copies of the Photograph on gift cards, displayed copies on its website and online store, used copies on flyers and banners for surf contests it produced in 2015 and 2016, and provided a copy of the Photograph to Try 'J' Advertising so that Try 'J' Advertising could exploit the Photograph; (2) Try 'J' Advertising exploited unauthorized copies of the Photograph in advertising campaigns for its clients, including without limitation Toyota Carlsbad; and (3) Toyota Carlsbad exploited unauthorized copies of the Photograph on a billboard to advertise its Memorial Day sale at a Carlsbad lot. The uses by Defendants, and each of them, of the Photograph will hereinafter be referred to collectively as the "Accused Works."

13. The Accused Works contain a straightforward copy of the Photograph. The Accused Works, as shown in the exemplars below, reveal that the elements, composition, color, arrangement, subject, lighting, angle, and overall appearance of the Photograph and its incorporation into or onto the Accused Works are identical or at least substantially similar:











14. Plaintiff is informed and believes and thereon alleges that, without his authorization, Defendants, and each of them, used, displayed and distributed images

that are identical to, or substantially similar to, the Photograph in various marketing and advertising materials, both online and on gift cards, billboards, banners and other placements.

15. At no point has Plaintiff authorized Defendants, or any of them, to use the Photograph as complained of herein.

## FIRST CLAIM FOR RELIEF

(For Copyright Infringement – Against all Defendants, and Each)

16. Plaintiff repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

17. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, had access to the Photograph, including, without limitation, through Plaintiff's interactions with Athleisure and Athleisure's interaction with Try 'J' Advertising and Try 'J' Advertising's interactions with Toyota Carlsbad.

18. Plaintiff is further informed and believes and thereon alleges that said Defendants have an ongoing business relationship with one or more of the other Defendants.

19. Defendants, and each of them, used, displayed and distributed images that were copied from, or copies of, the Photograph, exploiting said images in connection with the marketing and advertising of their various product including without limitation apparel and surf gear (Athleisure) and cars (Toyota) across various platforms, including online and through banner, billboard and other placements.

20. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, infringed his copyrights by creating direct copies of, and infringing derivative works from, the Photograph, and by using the infringing works in marketing, advertising, and selling of their respective product, and in an attempt to enhance sales and brand image.

21. Athleisure infringed Plaintiff's rights by making unauthorized copies and derivative works without authorization and by providing a copy or copies of the Photograph to Try 'J' Advertising for its commercial exploitation of those copies.

22. Defendants, and each of them, infringed Plaintiff's rights by copying and displaying the Photograph without his authorization or consent.

23. Due to Defendants', and each of their, acts of infringement, Plaintiff has suffered general and special damages in an amount to be established at trial.

24. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits from their infringement of Plaintiff's rights in the Photograph. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of his rights in the Photograph in an amount to be established at trial.

25. Plaintiff is informed and believes and thereon alleges that Defendants, and each of their, conduct as alleged herein was willful, reckless, and/or with knowledge, subjecting Defendants, and each of them to enhanced statutory damages and/or a preclusion from deducting certain overhead when calculating disgorgeable profits.

### SECOND CLAIM FOR RELIEF

(For Vicarious and/or Contributory Copyright Infringement – Against all Defendants, and Each)

26. Plaintiff repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

27. Plaintiff is informed and believes and thereon alleges that Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction, distribution and display of the Photograph as alleged hereinabove.

28. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct.

29. By reason of Defendants', and each of their, acts of contributory and vicarious infringement as alleged above, Plaintiff has suffered and will continue to suffer substantial damages to his business in an amount to be established at trial, as well as additional general and special damages in an amount to be established at trial.

30. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Plaintiff's rights in the Photograph. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of his rights in the Photograph, in an amount to be established at trial.

31. Plaintiff is informed and believes and thereon alleges that Defendants, and each of their, conduct as alleged herein was willful, reckless, and/or with knowledge, subjecting Defendants, and each of them to enhanced statutory damages and/or a preclusion from deducting certain overhead when calculating disgorgeable profits.

## THIRD CLAIM FOR RELIEF

(For Violation of the Visual Artists Rights Act of 1990 – Against all Defendants, and Each)

32. Plaintiff repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

33. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have violated his right to claim authorship of the Photograph and

his right to prevent any intentional distortion, mutilation, or other modification of the Photograph that would be prejudicial to his honor or reputation, in violation of 17 U.S.C.§ 106A. Defendants, and each of their, combination of Plaintiff's work with their respective unauthorized advertising graphics and text violates Plaintiff's rights in his work.

34. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, knowingly avoided proper attribution of credit to Plaintiff for his creation the Photograph, and engaged in improper modification of the Photograph for personal and pecuniary use, exposing Defendants, and each, to liability for general and special damages.

35. Plaintiff is informed and believes and thereon alleges that Defendants, and each of their, conduct as alleged herein was willful, reckless, and/or with knowledge.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for judgment as follows:

### Against all Defendants, and Each:

With Respect to Each Claim for Relief:

a. That Defendants, their agents and employees be enjoined from using the Photograph in any manner;

b. That Plaintiff be awarded all profits of Defendants plus all his losses, plus any other monetary advantage gained by the Defendants through their infringement, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages as available under the Copyright Act, 17 U.S.C. § 101 *et seq.*, and/or an order precluding Defendants from asserting certain affirmative defenses and cost deductions;

1       c. That Plaintiff be awarded his attorneys' fees as available under
2          applicable law;
3       d. That Plaintiff be awarded his costs as available under applicable law;
4       e. That Plaintiff be awarded statutory damages and/or penalties under the
5          statues set forth above;
6       f. That Plaintiff be awarded pre-judgment interest as allowed by law;
7          and
8       g. That Plaintiff be awarded such further legal and equitable relief as the
9          Court deems proper.

A TRIAL BY JURY PURSUANT TO FED. R. CIV. P. 38 AND CONSTITUTIONAL AMENDMENT SEVEN IS HEREBY DEMANDED.

Respectfully submitted,

Dated: August 26, 2016        By: */s/ Scott A. Burroughs*
                                       Scott Alan Burroughs, Esq.
                                       David R. Shein, Esq.
                                       DONIGER / BURROUGHS
                                       Attorneys for Plaintiff
                                       COREY WILSON